UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PJ HOSPITALITY, LLC,

                     Debtor.

_____/

Case No. 17-53794-MBM
Chapter 11
Hon. Marci B. McIvor

## OBJECTION BY THE UNITED STATES TO FIRST AMENDED DEBTOR'S COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

The United States of America, by its attorneys, United States Attorney Matthew Schneider and Assistant United States Attorney Kevin R. Erskine, on behalf of the Internal Revenue Service ("IRS" or "Service"), objects to the confirmation of the Debtor's First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan") based upon the following:

1. Debtor filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code on October 3, 2017.

2. The IRS filed a proof of claim [claim 1-1] as to the debtor, on or about October 18, 2017. The IRS then filed an amended proof of claim [claim 1-2] on November 22, 2017, in the amount of $418,579.54. The amended claim consists of a secured claim in the amount of $49,000.00, a priority claim in the amount of $189,409.90, and a general unsecured claim in the amount of $180,169.64. The

secured claim of $49,000.00 relates to self-filed FICA taxes for the second and third quarters of 2011. The unsecured priority claim of $189,409.90 relates to self-filed FICA taxes for the tax years 2014 through the third quarter of 2017 and the corporation tax return for 2016 tax year, in addition to FUTA taxes for 2014 through 2016. The estimated taxes on the proof of claim are for unfiled FICA and FUTA taxes of the debtor for tax the first, second and third quarters of 2017.

3. The debtor filed a First Amended Combined Disclosure Statement and Plan of Reorganization [D/E #37] on February 1, 2018.

4. The Service objects to the Plan in that it fails to pay the Service's secured claim in the full allowed amount of the claim within five ("5") years of the Order of Relief under 11 U.S.C. §1129(a)(9)(C), as applied to secured claims under 11 U.S.C. §1129(a)(9)(D).

5. The Service also objects to the Plan in that it fails to specify the correct statutory interest rate for the Service's claims, currently 4%. *See, e.g.*, Plan § 2.2.

6. The Plan, at Article III, seeks to set forth the collateral, the value, the secured portion, and the unsecured portion of the various claims, including those of the IRS. The Service objects to the extent that the Plan misrepresents the IRS's claim, whether in value or by way of misstating the collateral that supports the claim or by mischaracterizing the priority of any underlying lien. The IRS also

objects because the debtor may not value the IRS's secured or priority claim in a Chapter 11 plan. Fed. R. Bankr. P. 3012.

7. Article III provides that if an impaired class of creditors vote to accept the Plan, the equity holders will retain the equity and shall not be impaired. *See* Plan at p. 16. Alternatively, if an impaired class votes to reject or the Court requires New Value, "the Interest of the Debtor shall be canceled and new Interest shall be reissued to the Interest Holders upon the investment by the Interest Holders of New Value . . ." The Service objects for several reasons.

a. First, although the Disclosure statement says that Patrick Coleman is the "owner of the Debtor," Discl. Stmt., Article II.A, it doesn't clearly state that he is the sole owner or the 100% shareholder. Absent a clarification, the Plan fails to adequately inform the creditors who the equity holders are or what their equity interests are. 11 U.S.C. § 1125.

b. Second, the Plan violates the absolute priority rule because it is not fair and equitable. A plan is "fair and equitable" if the allowed value of each holder is paid in full, 11 U.S.C. § 1129(b)(2)(B)(i), or in the alternative, if the claim is not paid in full, then no junior class may receive any interest in the property. 11 U.S.C.§ 1129(b)(2)(B)(ii). As such, 11 USC § 1129(b) adopts the pre-code absolute priority rule as part of the "fair and equitable" requirement. *See generally Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526

U.S. 434, 442 (1999). This decision also cites a "new value corollary" to the absolute priority rule, where "objection of an impaired senior class does not bar junior claim holders from receiving or retaining interests in the debtor after reorganization, if they contribute new capital in money or money's worth, reasonably equivalent to the property's value, and necessary for successful reorganization of the restructured enterprise." *Id.* (citation omitted). *See also, Bonner Mall P'ship v. U.S. Bancorp Mortg. Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 908 (9th Cir. 1993); *Liberty Nat'l Enters. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd. P'ship)*, 115 F.3d 650, 654-56 (9th Cir. 1997).

Debtor's Plan proposes–at least as one alternative–to allow the pre-petition equity holder(s) to retain ownership of all of debtor's assets without paying the full value of the Service's claims or, without at least specifying the exact nature or amount of the "New Value." As such, debtor's Plan does not conform to the absolute priority rule which states that unsecured creditors must be paid in full if members or shareholders are to retain anything, including ownership, of the reorganized Debtor. *In re Dollar Associates*, 172 B.R. 945, 948 (Bankr. N.D. Calif. 1994). *See also*, *In re U.S. Truck Co., Inc.*, 800 F.2d 581, 588 (6th Cir. 1986) ("If [an equity holder] were retaining an interest without contributing any capital, the plan would clearly violate the Code.").

Without any specific offering of new value, debtor cannot rely on the

exception. Instead, to satisfy the new value exception, any capital contribution by former equity owners must be new, substantial, in cash or cash equivalent, necessary for successful reorganization, and reasonably equivalent to value or interest received. *In re Dollar Associates*, 172 B.R. at 949. *See also, In re Made in Detroit, Inc.*, 299 B.R. 170 (Bankr. E.D. Mich. 2003); *In re Graphic Comm., Inc.*, 200 B.R. 143 (Bankr. E.D. Mich. 1996); *In re Trevarrow Lanes, Inc.*, 183 B.R. 475 (Bankr. E.D. Mich. 1995). As plan proponent, debtor has the burden of proof as to whether a plan discriminates unfairly and is fair and equitable as to each rejecting class. *Id.* at 147. Thus far, debtor has failed to satisfy that burden.

8. The Service objects to the auction provisions set forth under § 4.3 of the Plan, which is planned to take place at the debtor's attorney's office prior to the entry of an order confirming the Plan.

    a. The auction provisions are in violation of Bankruptcy Code §1129(a)(8), because the debtor, in effect, is proposing that creditors have no real power to reject the Plan, in violation of Bankruptcy Code § 1129(a)(8), and further, the debtor is erroneously assuming that this Plan provision is operative despite the fact that the Plan has not been approved by the Bankruptcy Court.

    b. To the extent the auction provisions are meant as a cram down provision, such is a violation of Bankruptcy Code §1129(b)(1), which require the Bankruptcy Court's approval to cram down a dissenting class.

c. Pursuant to the Plan's language, creditors and parties in interest shall have the opportunity to bid at the auction. The proposed auction proceeding, however, does not constitute a truly open bidding process for creditors and others, and violates the absolute priority rule of Bankruptcy Code § 1129(b)(2)(B)(ii). It is the open market practice of competing bidders which increases dividends for creditors, and lessens the need for valuation judgments by the court. *Bank of Am. Nat. Trust and Sav. Ass'n. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 456-458 (1999).

d. The IRS also objects to the auction provision at § 4.3.3(4) because it allows the debtor to unilaterally set the terms and conditions for bidding at the auction. Such an unfettered right to determine the bidding procedures could unnecessarily chill competition and frustrate an open market auction sale.

e. Moreover, the Plan provisions setting up the auction assumes they are operative *before* the entry of the confirmation order. Absent approval and entry by the Court, however, the Plan and the included auctions provision, is not binding on any creditor or the debtor. If debtor desires to hold an auction and liquidate assets, it should do so through a sale motion or only after the order confirming the plan (and the auction provision) has been entered by the Court.

f. The contingent auction additionally makes the Plan uncertain for creditors essentially proposing a reorganization *or* a liquidation. Creditors

should not be forced to object to two completely divergent plans, one of which is completely uncertain.

  g. Finally, with respect to the auction, the Plan impermissibly denies the creditors' rights to credit bid. 11 U.S.C. § 363(k), 1129(b)(2)(A)(ii).

  9. The Plan also proposes an extensive list of matters over which the Bankruptcy Court will retain jurisdiction. *See, e.g.*, Article VII. The United States objects to the extent that the list is ineffective and unnecessary because it cannot confer jurisdiction on the Court over matters for which jurisdiction is not conferred on the Court by statute. *See*, *e.g.*, *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 837 (4th Cir. 2007) ("neither the parties nor the bankruptcy court can create § 1334 jurisdiction by simply inserting a retention of jurisdiction provision in a plan of reorganization if jurisdiction otherwise is lacking. . . ."); *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) (recognizing that unless 28 U.S.C. §§ 157 or 1334 provides for jurisdiction, the "retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant."). Therefore, the list can only be a restatement of existing law and is entirely superfluous. *See*, *e.g.*, *In re Maupin*, 384 B.R. 421, 427 (Bankr. W.D. Va. 2007) (explaining the impact of including a debtor's interpretation of existing law into a Chapter 13 plan as "unnecessary and is likely, if applicable, to increase the costs of administration and litigation. As such it must be deleted from the plan before it

may be confirmed.").

Similarly, to the extent that the Plan propose a discharge for the debtor in § 5.1 that is different in any way from that granted by the Bankruptcy Code under § 1141, the United States objects.

10. The IRS objects to those provisions providing for an unlimited time to object to a duly filed proof of claim and the debtor's ability to avoid payment while an objection is pending. *See, e.g.*, Plan §§ 11.1, 13.1.

    a. Section 11.1 of the Plan provides that there will be "No time limit" for objections to proofs of claim. The United States objects to this provision. The Bankruptcy Code has a definite interest in promoting finality. *See, e.g.*, 11 U.S.C. § 1141(a) (binding debtor and creditors to a confirmed plan); § 1144 (allowing revocation of confirmed plan after one year only in instance of fraud). Although the Bankruptcy Rules set no definite time limit for filing an objection to a proof of claim, the District Court has previously held that an objection to a proof of claim may be filed only "until the court has entered a direct or indirect order allowing the claim." *Ford Motor Co. v. Transport Indem. Co.*, 45 B.R. 843, 845 (E.D. Mich. 1984) (citation omitted). *See also, In re Presque Isle Apartments, L.P.,* 118 B.R. 331, 332 (W.D. Pa. 1990) (allowing an objection to claim during the "pendency" of the case). Under the terms of the proposed Plan, unless debtor has filed an objection to the claim, the claim will be an "Allowed

Claim" when the confirmation order of the Court becomes a final order. Thus, upon finality of the confirmation order in this case, this Court will have entered an order allowing the claim and the time for filing an objection to the claim should be closed. *Cf. In re Greenig*, No. 95-80024, 1996 WL 33401181, at *2 (Bankr. C.D. Ill. Oct. 2, 1996) ("A claim is allowed only once, and that is a final determination, subject only to reconsideration under § 502."). In the alternative, the IRS would agree to a different, but specific and clear, deadline by which debtor could file an objection to the IRS claim (*e.g.*, 30 days from the date of confirmation).

11. Section 12.1 of the Plan allows debtor to object to a claim and forego payments as long as the claim is contested. There is no valid reason that the debtor should be able to obtain a windfall by objecting to claims and thereby avoiding, even if only temporarily, the payment of duly filed proofs of claims. A proof of claim executed and filed in accordance with the Bankruptcy Rules shall constitute prima facie evidence of the validity and the amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993), *cert. denied*, 510 U.S. 1914 (1993). Moreover, the burden of proof is on the objecting party to rebut "claimant's prima facie case" with "substantial evidence." *In re Hollars*, 198 B.R. 270, 271 (S.D. Ohio 1996), *citing In re Federated Dep't Stores, Inc.*, 135 B.R. 950, 957-58 (Bankr. S.D. Ohio 1992), *aff'd* 964 F.2d 822 (6th Cir. 1992); *Hemingway Trans.*, 993 F.2d at 925. As a result, the United States objects

to the Plan in that allowing a debtor to avoid payment of a duly filed proof of claim would impermissibly shift the burden on the proof of claim to the creditor. Therefore, payments on any contested claim should continue to be timely made, into an escrow if necessary, unless and until the claim is disallowed.

12. The Service objects to the Plan, pursuant to 11 U.S.C. §§ 507(a)(2), 1129(a)(9)(A), to the extent that it fails to provide any provision for payment of any administrative tax claims. *See, e.g.,* Plan, § 2.1 (excluding the administrative claims of taxing authorities from the terms of payment). Although the United States has not yet filed an administrative claim, due to the nature and timing of post-petition taxes, one may be necessary in the future and, therefore, the IRS objects to the failure to provide any treatment of such claim.

13. Finally, the United States objects to the proposed default language as inadequate. The United States objects under 11 U.S.C. 1123(a)(5)(G), and suggests the following default language:

> Upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the Service, or a failure to meet the timeframes for liquidating any asset, which failure is not cured within 15 days of the mailing of a written notice of default by the Service, the Service may, without further order of this Court, exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtor; debtor-in-possession; or reorganized debtor, which will revest upon

confirmation of the Plan of Reorganization and all of debtors' after acquired property shall be property of the Chapter 7 Estate.

WHEREFORE, the United States respectfully requests that this Court deny confirmation of Debtor's plan for the forgoing reasons and grant such further and additional relief as deemed just and appropriate.

Dated: March 13, 2018

MATTHEW SCHNEIDER
United States Attorney

/s/Kevin R. Erskine
KEVIN R. ERSKINE
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9610
Email: kevin.erskine@usdoj.gov
P69120

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PJ HOSPITALITY, LLC,

                       Debtor.
_____/

Case No. 17-53794-MBM
Chapter 11
Hon. Marci B. McIvor

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2018, I electronically filed the United States' Objection to First Amended Debtor's Combined Disclosure Statement and Plan of Reorganization using the ECF System which will send notification of such filings to all counsel of record.

                                          MATTHEW SCHNEIDER
                                          United States Attorney

                                          /s/Kevin R. Erskine
                                          KEVIN R. ERSKINE
                                          Assistant U.S. Attorney
                                          211 W. Fort Street, Suite 2001
                                          Detroit, Michigan 48226
                                          Phone: (313) 226-9610
                                          E-mail: Kevin.Erskine@usdoj.gov
                                          P69120